1  Benjamin Berger, Bar No. 220394
2  BERGER TREGLIA, PLC
   24031 El Toro Road, Suite 200
3  Laguna Hills, CA 92653
   (949) 548-1700 / Fax: (949) 548-1001
   ben@bergertreglia.com
4
5  JoyAnn Kenny (*pro hac vice to be submitted*)
   Chris Alexander (*pro hac vice to be submitted*)
6  FISHER ZUCKER LLC
   21 South 21st Street
7  Philadelphia, Pennsylvania 19103
   (215) 825-3100 / Fax: (215) 825-3101
8  jkenny@fisherzucker.com
   calexander@fisherzucker.com
9
   Attorneys for Plaintiff
10 FIT BODY BOOT CAMP, INC.

11              **UNITED STATES DISTRICT COURT**

12              **CENTRAL DISTRICT OF CALIFORNIA**

13

| | |
|---|---|
| 14 FIT BODY BOOT CAMP, INC., | CASE NO. |
| 15          Plaintiff, | **Assigned For All Purposes To:** |
| 16     v. | **Judge:** <br> **Magistrate:** |
| 17 GINA ANTONUCCI, an individual and P2T FITNESS, INC. | |
| 18          Defendants. | **COMPLAINT FOR:** |

17 GINA ANTONUCCI, an individual
18 and P2T FITNESS, INC.

             Defendants.

**COMPLAINT FOR:**

1. **Misappropriation of Trade Secrets;**
2. **Breach of Contract – Violation of the In-Term Non-Compete Covenant**
3. **Breach of Contract – Operation of Competing Business**
4. **Breach of Contract – Misappropriation of Confidential Information**
5. **Breach of Contract – Covenant of Good Faith and Fair Dealing**
6. **Unjust Enrichment**
7. **Declaratory Judgment**

**INTRODUCTION**

1.    Plaintiff Fit Body Boot Camp, Inc. ("Plaintiff" or "Fit Body") is the national franchisor of Fit Body Boot Camp® franchises, which offer a variety of fitness services under the trademark Fit Body Boot Camp® (the "Franchised Business"). Defendant Gina Antonucci ("Antonucci") is a current franchisee, subject to the terms and conditions of one (1) Renewal Franchise Agreement (the "Renewal Franchise Agreement"), pursuant to which she obtained the right and undertook the obligation to operate one (1) Fit Body Boot Camp® Franchised Businesses in Jacksonville, Florida.  The Renewal Franchise Agreement remains in effect and Antonucci continues to operate the Franchised Business.  During the term of the Renewal Franchise Agreement, and concurrently with her operation of the Franchised Business, Antonucci began operation and continues to operate a competitive business through the Defendant entity P2T Fitness Inc. that offers group personal training and fitness services at a premises that was formerly occupied by another Fit Body Boot Camp® franchisee (the "Competing Business").  Defendant Antonucci has violated the in-term non-competition and in-term non-solicitation covenants set forth in the Renewal Franchise Agreement. In addition to the breach of contract, Defendants are committing intellectual property theft with the use of Plaintiff's confidential information and proprietary business systems. As such, Plaintiff commences this action to protect its valuable intellectual property by seeking an injunction to enjoin Defendants from operating the Competing Business and using Plaintiff's intellectual property in the operation of the Competing Business, as well as to recover damages and attorneys' fees.

**PARTIES**

2.    Plaintiff, Fit Body Boot Camp, Inc. ("Plaintiff" or "Fit Body" or "Franchisor"), is a California corporation with its principal place of business located at 5867 Pine Avenue, Chino Hills, California 91709.

3.    At all times referred to herein, Fit Body has engaged in business as

1  the national franchisor of Fit Body Boot Camp® franchises, which offer fitness,
2  exercise, personal and related services to customers in both retail and virtual
3  capacities under the federally registered trademark, Fit Body Boot Camp® (the
4  "Franchised Business").

5      4.     Defendant, Gina Antonucci, is an individual, resident, and citizen of
6  Florida with an address of 10961 Burnt Mill Road, Apartment 1414, Jacksonville,
7  Florida 32256.

8      5.     Defendant, P2T Fitness Inc. d/b/a P2T Fitness (the "Competing
9  Business"), is a Florida corporation with a principal place of business at 11035
10 Phillips Hwy Jacksonville, Florida 32256.

11     6.     P2T Fitness Inc. is owned and operated by Defendant Gina
12 Antonucci.

13     7.     Defendant Gina Antonucci operates her current Franchised Business
14 at 2375 St. Johns Bluff Road, Unit 206, Jacksonville, Florida 32246.

15     8.     Collectively, Gina Antonucci and P2T Fitness Inc. are hereinafter
16 "Defendants."

17                    **JURISDICTION AND VENUE**

18     9.     This Court has subject matter jurisdiction pursuant to 28 U.S.C.
19 §1331 in that Plaintiff's claims against Defendants are based upon
20 misappropriation of trade secrets under the Defend Trade Secrets Act, 18 U.S.C.
21 §1836, et seq.

22     10.    This Court has subject matter jurisdiction pursuant to 28 U.S.C.
23 §1332 in that Plaintiff is a California corporation with its principal place of
24 business in California, Defendant Gina Antonucci is a citizen of Florida, and
25 Defendant P2T Fitness Inc. is a Florida corporation with its principal place of
26 business in Florida.  Plaintiff's claims exceed $75,000, exclusive of interest and
27 costs.

28     11.    Venue for this action is proper in the Central District of California

pursuant to 28 U.S.C. §1391(b) because the parties expressly agreed in Section 14.3 of the Franchise Agreement and Renewal Franchise Agreement that Plaintiff Fit Body may seek relief in a court of competent jurisdiction in California. Plaintiff is headquartered in the District, and the Franchise Agreement designated California as a proper forum.  Although Defendants reside and operate in Florida, they contractually consented to venue here.  Accordingly, venue is proper in this Court.

## FIT BODY'S INTELLECTUAL PROPERTY

12.    Fit Body provides a variety of fitness services and a comprehensive business model that provides access to the trademarks and know-how of Fit Body.

13.    Fit Body's proprietary System (the "System") consist of a cohesive and confidential compilation of business methods and proprietary information, including but not limited to: training curricula and exercise regimens, customer acquisition and retention strategies, pricing models, sales scripts, and advertising campaigns, confidential marketing data, vendor lists, and preferred supplier arrangements, the brand standards manual and operational protocols, technology platforms, digital templates, and software integrations, and franchisee coaching, mentoring and leadership programs.

14.    The System, taken together, is not generally known to the fitness industry or the public at large.  It derives independent economic value from not being generally known and has been developed by Fit Body through substantial investment of time, training, and resources.

15.    Fit Body owns the rights to the System.

16.    Fit Body and franchisees are licensed to use the System to operate a franchised business pursuant to the terms and conditions of the Fit Body franchise agreement entered into by each franchisee.

17.    Fit Body exhausts great efforts to protect the System, which is disclosed to Fit Body franchisees in confidence.

## THE FRANCHISE AGREEMENT AND RENEWAL FRANCHISE AGREEMENT

18.     Gina Antonucci entered into a Franchise Agreement with Fit Body on December 8, 2016, pursuant to which Antonucci obtained the right and undertook the obligation to operate a Fit Body Franchised Business at 2375 St. Johns Bluff Road, Unit 206, Jacksonville, Florida 32246 (the "Franchised Business") for an initial term of five (5) years (the "Franchise Agreement").  A true and correct copy of the Franchise Agreement is attached as Exhibit A.

19.     Antonucci subsequently entered into a renewal franchise agreement and amendment thereto with Fit Body on December 20, 2021, pursuant to which Antonucci obtained the right and undertook the obligation to continue operation of the Franchised Business for an additional five (5) year term (the "Renewal Franchise Agreement").  A true and correct copy of the Renewal Franchise Agreement is attached as Exhibit B.

20.     Furthermore, Antonucci also entered into a Personal Guaranty Agreement binding her, as an individual, to all the terms and conditions of the Renewal Franchise Agreement (the "Personal Guaranty'). See id.

## TRADE SECRETS AND PROPRIETARY INFORMATION

21.     Pursuant to Sections 9.3(a) and 9.3(b) of the Renewal Franchise Agreement, Antonucci acknowledged that the Proprietary Information and other confidential data and information (including but not limited to the contents of the Brand Standard Manual) have been provided or revealed to her, as a franchisee, exclusively for use in connection with her Franchised Businesses (the "Trade Secrets"). See Exhibits A & B at §§ 9.3(a) and 9.3(b).  Antonucci acknowledged the Trade Secrets were revealed in confidence under the Renewal Franchise Agreement and agreed to keep and respect the confidences so reposed, both during the term and after the term. See id.  Antonucci acknowledged that the Trade Secrets were imparted to her only because of her "special status as franchisee of the

System, and that [Plaintiff's] Proprietary Information are not generally known to [Plaintiff's] industry or to the public at large and are not known to [Defendant] except by reason of such disclosure." See id.

## NON-COMPETITION COVENANTS

22. Pursuant to Section 11.1 of the Renewal Franchise Agreement, Antonucci agreed to abide by and comply with an in-term non-competition and non-solicitation covenants. In the relevant part the covenants read as follows:

a. You acknowledge that you will receive valuable specialized training and access to Proprietary Information, including, without limitation, information regarding the operational, sales, promotional and marketing methods and techniques of the System and our Trade Secrets. In consideration for the use and license of such valuable information, you agree and covenant that, during the Term, except as otherwise approved in writing by us, neither you, nor any of your officers, directors, members, managers, shareholders, partners or owners, nor your spouse or the spouse of any of the aforementioned individuals (each a "Bound Party" and collectively, the "Bound Parties") will, directly or indirectly, for him or herself, or through, on behalf of, or in conjunction with any person, persons, partnership, limited liability company or corporation: (i) operate, manage, own, assist or hold an interest in (direct or indirect as an employee, officer, director, shareholder, manager, member, partner or otherwise), or engage in, any "Competing Business". The term "Competing Business" means any business operating or granting franchises or licenses to others to operate (a) a business offering virtual fitness instruction; and/or (b) a fitness business or business offering or selling goods or services equivalent to Fit Body Boot Camp Services and Products or similar to the Franchised Business. The term Competing Business does not include any other Outlet operated by you or any other Bound Party, pursuant to a valid, binding franchise agreement by and between you, or the Bound Party, as applicable, and us.

b. It is the intention of both you and us that you maximize the Franchised Business within the Territory, and any action of yours that diverts business to another entity or diminishes the Franchised Business being conducted in the Territory will be a material

breach of this Agreement. Accordingly, neither you nor any Bound Party may, either directly or indirectly, for yourself or themselves, or through, on behalf of, or in conjunction with, any person, persons, partnership, corporation or other entity, (i) divert or attempt to divert any business or customer of the Franchised Business to any competitor, by direct or indirect inducement or otherwise, or (ii) do or perform, directly or indirectly, any other act injurious or prejudicial to the goodwill associated with the Marks or the System.

See Exhibit B at § 11.1.

**DEFENDANTS' OPERATION OF THE COMPETING BUSINESS AND USE OF FIT BODY'S SYSTEM IN THE COMPETING BUSINESS**

23.    During the term of Antonucci's Renewal Franchise Agreement, she commenced operation of P2T Fitness.

24.    Antonucci owns and operates the Competing Business, P2T Fitness, through her entity P2T Fitness Inc.

25.    P2T Fitness offers group personal training and fitness services at a premises that was formerly occupied by another Fit Body Boot Camp® franchisee.

26.    The Competing Business continues to use Plaintiff's confidential Fit Body System and proprietary information.

27.    The Competing Business operates within the same territory that Antonucci operates the Franchised Business, performing the same service offerings, with the same employees, and mostly the same clients or customers.

28.    Antonucci failed to comply with the contractual obligations and in-term non-competition covenants set forth in the Renewal Franchise Agreement. See Exhibit B at §§ 9.3(a),9.3(b), § 11.1.

29.    On October 18, 2024, Fit Body sent Antonucci a Demand to Cease and Desist regarding her failure to comply with her in-term non-competition covenant pursuant to the Renewal Franchise Agreement, i.e., operation of the Competing Business during the term of her Renewal Franchise Agreement.  A true

and correct copy of the Demand to Cease and Desist is attached as <u>Exhibit C</u>.

30.    On January 30, 2025, counsel for Fit Body sent Defendants a Demand to Cease and Desist and Notice of Default of the Renewal Franchise Agreement due to Defendants' continued operation of the Competing Business after their receipt of the first Demand to Cease and Desist. A true and correct copy of the Demand to Cease and Desist and Notice of Default is attached as <u>Exhibit D</u>.

31.    Defendants failed to cure the material defaults and/or comply with the cease-and-desist demands.

32.    Defendants did not respond and remain in operation of the Competing Business in violation of their contractual obligations pursuant to Sections 9.3(a), 9.3(b), 11.1(a), and 11.1(b) of the Renewal Franchise Agreement.

33.    As previously mentioned, Defendant Gina Antonucci is personally liable for these breaches pursuant to the express terms of the Personal Guaranty.

34.    Plaintiff brings suit to enforce its rights and protect its valuable confidential System and proprietary information from Defendants' material breaches of contract.

<u>**COUNT I**</u>

<u>**MISAPPROPRIATION OF TRADE SECRETS IN VIOLATION OF THE**</u>

<u>**DEFEND TRADE SECRETS ACT ("DTSA") 18 U.S.C. § 1836**</u>

35.    Plaintiff Fit Body incorporates by reference the facts set forth in paragraphs 1 through 34 above as though set forth at length herein.

36.    Fit Body has developed the confidential and proprietary System.

37.    The proprietary information constitutes "trade secrets" as defined in 18 U.S.C. § 1839(3), in that the information: (a) derives independent economic value, actual, or potential, from not being generally known or readily ascertainable by others who could obtain economy value from its disclosure or use; and (b) is subject to reasonable efforts by Fit Body to maintain its secretary, including through franchise agreements, confidentiality provisions, training protocols,

limited-access software, and restricted disclosure.

38. Fit Body's trade secrets relate to products and services used in interstate commerce, satisfying the interstate commerce nexus required under 18 U.S.C. § 1836(b)(1).

39. It is because of Fit Body's resources spent in educating Antonucci in the Fit Body System that Antonucci has the trade knowledge to continue operating the Competing Business.

40. Defendants continue to make use of Fit Body's confidential System and proprietary information through both their physical and internet presence.

41. Defendants continue to use Fit Body's trade secrets without consent and acquired such information through improper means and in breach of their contractual and legal duties, in violation of 18 U.S.C. § 1836(1), §1839(5), and §1839(6).

42. Defendants knowingly used and continue to use Fit Body's System for economic benefit as they have operated and continue to operate the Competing Business.

43. Defendants misappropriate was willful and malicious, undertaken to harm Fit Body's brand and to gain an unfair commercial advantage in the same market.

44. Fit Body is injured by Defendants' actions by way of Defendants' continuous use of Fit Body's confidential System and proprietary information.

45. Defendant Gina Antonucci is personally liable for the Franchisee breaches pursuant to the express terms of the Personal Guaranty.

**WHEREFORE**, Plaintiff Fit Body Boot Camp, Inc. demands judgment in its favor and against Defendant Gina Antonucci and Defendant P2T Fitness Inc. as follows:

a. A preliminary and permanent injunction under 18 U.S.C. § 1836(b)(3)(A), enjoining Defendants and their agents, employees

and any person acting in concert with them from: (a) using, disclosing or continuing to use Fit Body's trade secrets; (b) operating any business that benefits from the misappropriation; and (c) retaining, accessing or distributing any documents, data, materials, or systems derived from Fit Body's trade secrets;

b. Compensatory damages for actual losses and unjust enrichment caused by Defendants' misappropriation of MDR United's trade secrets, as provided under 18 U.S.C. § 1836(b)(3)(B);

c. Exemplary damages in an amount of up to two times the award damages due to the willful and malicious nature of Defendants' misappropriation, as provided by 18 U.S.C. § 1836(b)(3)(C);

d. An accounting of all revenues, profits, and benefits derived by the Defendants through the use or disclosure of Fit Body's confidential information and trade secrets;

e. Disgorgement of all revenues and profits earned by Defendants from any business activities conducted derived by Defendants through the use or disclosure of Fit Body's confidential information and trade secrets;

f. Attorneys' fees and costs of this action pursuant to Section 14.4 of the Renewal Franchise Agreement as well as 18 U.S.C. § 1836(b)(3)(D); and

g. Such further relief as this Court deems just and proper.

## COUNT II

## BREACH OF CONTRACT - OPERATION OF COMPETING BUSINESS AND VIOLATION OF THE IN-TERM NON-COMPETE COVENANT

46.     Plaintiff Fit Body incorporates by reference the facts set forth in paragraphs 1 through 45 above as though set forth at length herein.

47.     Defendant Gina Antonucci is a current franchisee, subject to the

1  confidentiality of trade secrets and proprietary information pursuant to Sections

2  9.3(a) and 9.3(b) of the Renewal Franchise Agreement.

3      48.    Antonucci is a current franchisee, subject to the in-term non-compete

4  provision pursuant to Section 11.1(a) of the Renewal Franchise Agreement.

5      49.    Defendants are engaged in the business of operating the Competing

6  Business within the same territory and out of the same location that the former

7  franchisee operated a Fit Body franchised business.

8      50.    Defendants' Competing Business performs the same service

9  offerings, with the same employees, and mostly the same clients or customers.

10     51.    The acts, practices, and conduct of Defendants in operating the

11 Competing Business constitute a material breach of the Renewal Franchise

12 Agreement and constitute a misuse of Fit Body's confidential System and

13 proprietary information.

14     52.    Fit Body has been and will continue to be irreparably harmed by the

15 Defendants' operation of the Competing Business.

16     53.    Despite Plaintiff's demand to comply with the in-term non-compete

17 covenant, Defendants continue to operate the Competing Business.

18     54.    Defendant Gina Antonucci is personally liable for the Franchisee

19 breaches pursuant to the express terms of the Personal Guaranty.

20     **WHEREFORE**, Plaintiff Fit Body Boot Camp, Inc. demands judgment in

21 its favor and against Defendant Gina Antonucci and Defendant P2T Fitness Inc.

22 as follows:

23         a.  A preliminary and permanent injunction enjoining Defendants and

24             their agents, employees and any person acting in concert with

25             them from utilizing the System and any trade secrets of Plaintiff

26             Fit Body in any manner whatsoever not licensed under the

27             Renewal Franchise Agreement;

28         b.  Attorneys' fees and costs of this action pursuant to Section 14.4 of

the Renewal Franchise Agreement; and

c.  Such relief as this Court deems just and proper.

## COUNT III

## BREACH OF CONTRACT – OPERATION OF COMPETING BUSINESS AND VIOLATION OF THE IN-TERM NON-SOLICITATION COVENANT

55.    Plaintiff Fit Body incorporates by reference the facts set forth in paragraphs 1 through 54 above as though set forth at length herein.

56.    Defendant Gina Antonucci is a current franchisee, subject to the confidentiality of trade secrets and proprietary information pursuant to Sections 9.3(a) and 9.3(b) of the Renewal Franchise Agreement.

57.    Antonucci is a current franchisee, subject to the in-term non-solicitation provision pursuant to Section 11.1(b) of the Renewal Franchise Agreement.

58.    Defendants are engaged in the business of operating the Competing Business within the same territory and out of the same location that the former franchisee operated a Fit Body franchised business.

59.    Defendants' Competing Business performs the same service offerings, with the same employees, and mostly the same clients or customers.

60.    Defendants' Competing Business diverts business from Antonucci's Franchised Business to the Competing Business, P2T Fitness Inc.

61.    The acts, practices, and conduct of Defendants in operating the Competing Business constitute a material breach of the Renewal Franchise Agreement and constitute a misuse of Fit Body's confidential System and proprietary information.

62.    Fit Body has been and will continue to be irreparably harmed by the Defendants' operation of the Competing Business.

63.    Despite Plaintiff's demand to comply with the in-term non-

solicitation covenant, Defendants continue to operate the Competing Business and divert business from Antonucci's Franchised Business.

64.    Defendant Gina Antonucci is personally liable for the Franchisee breaches pursuant to the express terms of the Personal Guaranty.

**WHEREFORE**, Plaintiff Fit Body Boot Camp, Inc. demands judgment in its favor and against Defendant Gina Antonucci and Defendant P2T Fitness Inc. as follows:

      a.  A preliminary and permanent injunction enjoining Defendants and their agents, employees and any person acting in concert with them from utilizing the System and any trade secrets of Plaintiff Fit Body in any manner whatsoever not licensed under the Renewal Franchise Agreement;

      b.  Attorneys' fees and costs of this action pursuant to Section 14.4 of the Renewal Franchise Agreement; and

      c.  Such relief as this Court deems just and proper.

<u>**COUNT IV**</u>

<u>**BREACH OF CONTRACT - MISAPPROPRIATION OF**</u>

<u>**CONFIDENTIAL INFORMATION**</u>

65.    Fit Body incorporates by reference the facts set forth in paragraphs 1 through 64 above as though set forth at length herein.

66.    In addition to Plaintiff's trade secrets, Defendants had access to and used Fit Body's confidential and proprietary information including customer lists, marketing plans, pricing strategies, training manuals, and operational methods which constitute valuable confidential and proprietary information disclosed to Defendants solely because of their status as franchisees.

67.    Defendants misappropriated this confidential information by using it to operate the Competing Business, in direct violation of their contractual and common law duties.

68.    As a direct and proximate result, Plaintiff has suffered and will continue to suffer irreparable harm, loss of goodwill, and monetary damages.

69.    Defendant Gina Antonucci is personally liable for the Franchisee breaches pursuant to the express terms of the Personal Guaranty.

**WHEREFORE**, Plaintiff Fit Body Boot Camp, Inc. demands judgment in its favor and against Gina Antonucci and Defendant P2T Fitness Inc. as follows:

      a. A preliminary and permanent injunction enjoining Defendants and their agents, employees and any person acting in concert with them from using Plaintiff's confidential information in any manner whatsoever not licensed under the Renewal Franchise Agreement;

      b. An accounting of and judgement for Defendants' profits resulting from such misappropriation;

      c. Disgorgement of profits;

      d. Attorneys' fees and costs of this action pursuant to Section 14.4 of the Renewal Franchise Agreement; and

      e. Such relief as this Court deems just and proper.

## COUNT V

## BREACH OF CONTRACT – COVENANT OF GOOD FAITH AND FAIR DEALING (IN THE ALTERNATIVE)

70.    Fit Body incorporates by reference the facts set forth in paragraphs 1 through 69 above as though set forth at length herein.

71.    Plaintiff Fit Body and Defendant Gina Antonucci are parties to the Renewal Franchise Agreement, which remains in effect.  To the extent the Court finds the Renewal Franchise Agreement ambiguous or incomplete as to Defendants' obligations, Defendants' conduct also constitutes a breach of the implied covenant of good faith and fair dealing inherent in the Renewal Franchise Agreement.

72.    The Renewal Franchise Agreement was supported by adequate consideration, remains in effect, and represents Plaintiff Fit Body and Defendant Gina Antonucci's mutual assent.

73.    Plaintiff Fit Body performed its obligations as Franchisor under the Renewal Franchise Agreement.

74.    Defendants' operation of the Competing Business diverted business from the Franchised Business and interfered with Plaintiff's ability to collect royalty and other recurring fees and payments that are calculated based on a percentage of the gross revenues derived by the Franchised Business pursuant to the Renewal Franchise Agreement.

75.    Defendants profited from the operation of the Competing Business, as they were able to collect gross revenues from the same service offerings of the Franchised Business but without remitting to Plaintiff the royalty and other recurring fees and payments that are calculated based on a percentage of the gross revenues derived by the Franchised Business pursuant to the Renewal Franchise Agreement.

76.    Fit Body has been and will continue to be irreparably harmed by the Defendants' operation of the Competing Business.

77.    Despite Plaintiff's demand to comply with the in-term non-compete, Defendants continue to operate the Competing Business.

78.    Defendant Gina Antonucci is personally liable for the Franchisee breaches pursuant to the express terms of the Personal Guaranty.

**WHEREFORE**, Plaintiff Fit Body Boot Camp, Inc. demands judgment in its favor and against Gina Antonucci and Defendant P2T Fitness Inc. as follows:

    a.  A preliminary and permanent injunction enjoining Defendants and their agents, employees and any person acting in concert with them from utilizing the System and any confidential information and trade secrets of Plaintiff Fit Body in any manner whatsoever

not licensed under the Renewal Franchise Agreement;

b.  Attorneys' fees and costs of this action pursuant to Section 14.4 of

the Renewal Franchise Agreement; and

c.  Such relief as this Court deems just and proper.

## COUNT VI

## UNJUST ENRICHMENT (IN THE ALTERNATIVE)

79.    Fit Body incorporates by reference the facts set forth in paragraphs 1 through 78 above as though set forth at length herein.

80.    This count is pled in the alternative to Plaintiff's breach of contract claims.  Should the Renewal Franchise Agreement be found unenforceable or otherwise inapplicable, Defendants have nonetheless been unjustly enriched by their use of Plaintiff's confidential systems, proprietary information, and diversion of business, without compensating Plaintiff.

81.    Defendants are engaged in the business of operating the Competing Business within the same territory and out of the same location that the former franchisee operated a Fit Body franchised business.

82.    Defendants' Competing Business performs the same service offerings, with the same employees, and mostly the same clients or customers.

83.    In Defendants' operation of the Competing Business, they continue to use Plaintiff's confidential System and proprietary information.

84.    Defendants' operation of the Competing Business diverted and continues to divert business from the Franchised Business and interfered and continues to interfere with Plaintiff's ability to collect royalty and other recurring fees and payments that are calculated based on a percentage of the gross revenues derived by the Franchised Business pursuant to the Renewal Franchise Agreement.

85.    Defendants profited from the operation of the Competing Business, as they were able to collect gross revenues from the same service offerings of the Franchised Business but without remitting to Plaintiff the royalty and other

recurring fees and payments that are calculated based on a percentage of the gross revenues derived by the Franchised Business pursuant to the Renewal Franchise Agreement.

86.    Fit Body has been and will continue to be irreparably harmed by the Defendants' operation of the Competing Business.

87.    Defendant Gina Antonucci is personally liable for the Franchisee breaches pursuant to the express terms of the Personal Guaranty.

**WHEREFORE**, Plaintiff Fit Body Boot Camp, Inc. demands judgment in its favor and against Gina Antonucci and Defendant P2T Fitness Inc. as follows:

    a.  A preliminary and permanent injunction enjoining Defendants and their agents, employees and any person acting in concert with them from utilizing the System and any trade secrets of Plaintiff Fit Body in any manner whatsoever not licensed under the Renewal Franchise Agreement;

    b.  An accounting of and judgement for the profits to which Plaintiff Fit Body may be entitled as a result of Defendants' operation of the Competing Business;

    c.  Disgorgement of Defendants' profits that resulted from and continue to result from Defendants' operation of the Competing Business;

    d.  Punitive Damages;

    e.  Attorneys' fees and costs of this action pursuant to Section 14.4 of the Renewal Franchise Agreement; and

    f.  Such relief as this Court deems just and proper.

## <u>COUNT VII</u>

## <u>DECLARATORY JUDGMENT (28 U.S.C. §§ 2201-2202)</u>

88.    Fit Body incorporates by reference the facts set forth in paragraphs 1 through 87 above as though set forth at length herein.

COMPLAINT

89.    An actual and justiciable controversy exists between Plaintiff Fit Body, on the one hand, and Defendants Gina Antonucci and P2T Fitness, Inc., on the other, regarding the parties' rights and obligations under the Renewal Franchise Agreement and Personal Guaranty.

90.    Specifically, a controversy exists concerning: (a) whether Defendants' operation of the Competing Business violates the in-term non-competition and non-solicitation covenants of the Renewal Franchise Agreement; (b) whether Defendants' operation of the Competing Business constitutes misuse of Fit Body's confidential information, proprietary system, and trade secrets; and (c) whether Fit Body is entitled to injunctive relief, damages, and other remedies as provided under the Renewal Franchise Agreement and applicable law.

91.    Pursuant to 28. U.S.C. §§ 2201-2202, Plaintiff is entitled to a declaration that: (1) Defendants are in breach of their contractual obligations under the Renewal Franchise Agreement and Personal Guaranty; (2) Defendants have violated their obligations of confidentiality, non-competition, and non-solicitation; (3) Plaintiff Fit Body is entitled to enforce the Renewal Franchise Agreement's restrictive covenants, confidentiality provisions, and remedies; and (4) Plaintiff Fit Body is entitled to injunctive and monetary relief as appropriate under law and contract.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

COMPLAINT

1    **WHEREFORE**, Plaintiff Fit Body Boot Camp, Inc. demands judgment in

2    its favor and against Gina Antonucci and Defendant P2T Fitness Inc. declaring

3    that Defendants are in breach of the Renewal Franchise Agreement and Personal

4    Guaranty, that Plaintiff is entitled to enforce its restrictive covenants and protect

5    its confidential information and trade secrets, and awarding such further relief as

6    this Court deems just and proper.

7    Dated: September 25, 2025                    BERGER TREGLIA, PLC

8

9                                              By: _/s/ Benjamin Berger_____
                                                  Benjamin Berger, Attorney for
10                                                 Plaintiff Fit Body Boot Camp, Inc.

11   Dated: September 25, 2025                    FISHER ZUCKER LLC

12                                                _/s/ JoyAnn Kenny_____

13
                                                 JoyAnn Kenny, *pro hac vice to be filed*
14                                               Christopher Alexander, *pro hac vice to
                                                 be filed,* Attorneys for Plaintiff Fit
15                                               Body Boot Camp, Inc.

16

17

18

19

20

21

22

23

24

25

26

27

28